IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:08-CV-166-RJC-DCK

| | |
|---|---|
| MELISSA DANCY. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     **ORDER** |
| | ) |
| THE UNIVERSITY OF NORTH | ) |
| CAROLINA at CHARLOTTE, | ) |
| and FARAMARZ FARAHI, | ) |
| | ) |
| Defendants. | ) |

**THIS MATTER IS BEFORE THE COURT** on the "Defendants' Motion to Compel Discovery Responses" (Document No. 8) filed on July 7, 2009. The *pro se* Plaintiff has not responded, and the time for doing so has passed. This matter has been referred to the Magistrate Judge pursuant to 28 U.S.C.A. § 636(b)(1)(A) and is ripe for review. Having fully considered the record, the undersigned will **grant** the motion as follows:

The Court's Pretrial Order and Case Management Plan ("Scheduling Order") provides that 1) initial disclosures shall be served by November 17, 2008; (2) discovery and mediation should be completed by July 31, 2009; (3) the dispositive motion deadline is August 31, 2009; and (4) trial is scheduled for January 4, 2010. (Document No. 7).[1]

In their motion to compel, the Defendants express great frustration with the *pro se* Plaintiff's

---

[1] In light of Plaintiff's delay, Defendants scheduled mediation on August 3, 2009.

complete failure to respond to: 1) Defendant's written discovery requests (Interrogatories and Requests for Production of Documents); 2) defense counsel's letters of May 21, 2009 and June 21, 2009, regarding Plaintiff's overdue discovery responses and the scheduling of depositions and mediation; and 3) the Notice of Deposition noticing Plaintiff's deposition for July 23, 2009. The Defendants have attempted to comply with the deadlines in the Court's Scheduling Order, but are being thwarted by Plaintiff's refusal to communicate or otherwise cooperate in any way.

Defendants indicate that they served the *pro se* Plaintiff with written discovery requests on April 1, 2009, but to date, have had no response whatsoever. (Document No. 8, Exh. 1). Their letters to Plaintiff on May 21, 2009, and June 21, 2009, have been ignored by Plaintiff. These letters asked for Plaintiff's input on selection of dates for mediation and deposition, and emphasized that Plaintiff was overdue in providing discovery responses. In light of the discovery deadline of July 31, 2009, the Defendants ask the Court for an order compelling the Plaintiff to provide complete discovery responses.

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. The information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

Additionally, Rule 34 requires that the "party to whom the request is directed must respond in writing within 30 days after being served." Fed.R.Civ.P. 34(b)(2)(A). Rule 37 provides in

relevant part that a party seeking discovery may move for an order compelling an answer, designation, production, or inspection if a party fails to respond that inspection will be permitted--or fails to permit inspection--as requested under Rule 34." Fed.R.Civ.P. 37(a)(3)(B)(iv). Whether to grant or deny a motion to compel discovery is within the Court's broad discretion. *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995).

The Defendants point out that the Plaintiff has made no effort to provide any substantive responses, despite ample time to do so, and has not communicated with Defendants' counsel to indicate why she has not responded. Plaintiff has not sought additional time from Defendants or from this Court. No good reasons for any delay are apparent from the record. The undersigned will not condone dilatory action. Accordingly, the undersigned will order Plaintiff to provide complete responses to Defendants' discovery requests.

The Court **specifically cautions** the Plaintiff that refusal to comply with this order may result in monetary sanctions, as well as dismissal of this action with prejudice. Plaintiff is reminded that she must comply with this Court's Orders, the Local Rules, and the Federal Rules of Civil Procedure. Although *pro se* litigants are given liberal treatment by courts, even *pro se* litigants are expected to comply with time requirements and other procedural rules "without which effective judicial administration would be impossible." *Ballard v. Carlson*, 882 F.2d 93, 96 (4th Cir. 1989), *cert denied*, 493 U.S. 1084 (1990). The right to self-representation does not "exempt a party from compliance with relevant rules of procedural and substantive law." *Traquth v. Zuck*, 710 F.2d 90, 95 (2nd Cir. 1983); and see, *Haines v. Kerner*, 404 U.S. 519 (1972).

**IT IS, THEREFORE, ORDERED** that the "Defendant's Motion to Compel Discovery Responses" (Document No. 8) is **GRANTED, as follows:** Plaintiff shall serve Defendants with

complete responses to the Defendant's First Set of Discovery Requests by August 21, 2009.

**IT IS SO ORDERED**.

Signed: August 3, 2009

*[signature]*

David C. Keesler
United States Magistrate Judge